TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-99-00059-CV






Joseph Stanley Faulder and Andre Lewis, Appellants



v.



Texas Board of Pardons and Paroles and Victor Rodriguez,


in His Official and Individual Capacities, Appellees






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT


NO. 98-11442, HONORABLE F. SCOTT McCOWN, JUDGE PRESIDING 







 Appellants Joseph Stanley Faulder and Andre Lewis, death-row inmates, sued in
district court for a declaratory judgment and injunction that appellees (1) (collectively the "Board") 
were required to comply with the constitution and statutes of Texas when considering clemency
matters. Following a bench trial, the district court denied all relief, and appellants now appeal. 

 Appellants' complaints focus on the Board's failure to meet as a body to address
their request for clemency and to state the reasons for not recommending clemency. We are not
called upon to express our opinion on whether the Board ought to meet or whether its members
should be required to come together as a body to decide a matter as grave as whether to
recommend to the Governor that one condemned to death be granted clemency. We are only
asked to decide whether the Texas Constitution or Texas law requires the Board to do so. Our
review of the current legal system, however unwise that system may be, compels us to conclude
that it does not, and we therefore affirm the judgment of the district court.

 Appellants' first issue challenges the Board's failure to meet as a body when
deciding clemency matters as a violation of the Texas Open Meetings Act (the "Act"). Appellants
argue that the Texas Legislature has always intended for all government agencies, including the
Board, to comply with the Act. Relying on an extended evaluation of the amendments to the Act
since 1990, appellants assert that a harmonized reading of the applicable sections of the Act reveals
that the Act grants the Board only two options when determining clemency matters: (1) meeting
face-to-face as a body, see Tex. Gov't Code Ann. § 508.047 (West 1998), or (2) meeting by
telephone conference, see Tex. Gov't Code Ann. § 551.124 (West Supp. 1999). On the other
hand, the Board argues that sections 508.047 and 551.124 permit a third option--not meeting at
all.

 Section 508.047 expressly provides that the Board does not have to meet as a body
in addressing clemency matters: "The members of the board are not required to meet as a body
to perform the members' duties in clemency matters." Tex. Gov't Code Ann. § 508.047(b). 
"Meeting" is defined as "a deliberation between a quorum of a governmental body." Tex. Gov't
Code Ann. § 551.001(4) (West 1994). The Act defines "deliberation" as "a verbal exchange
during a meeting between a quorum of a governmental body." Tex. Gov't Code Ann.
§ 551.001(2) (West 1994) (emphasis added). Thus, the express language of these sections clearly
indicates that the statute permits, but does not require, the Board members to meet face-to-face as
a body to determine clemency matters. 

 Section 551.124 provides that "the board may hold a hearing on clemency matters
by telephone conference call." Tex. Gov't Code Ann. § 551.124. The permissive language of
this statute grants the Board another option quite different than just meeting as a body. If the
Board decides to hold a hearing on clemency matters, section 551.124 allows the hearing to be
held by telephone conference. Thus, read together, we conclude that sections 508.047(b) and
551.124 grant the Board the following options: holding a meeting or hearing face-to-face as a
body, holding a hearing by telephone conference, or not holding a hearing or meeting at all. This
is not to say, as appellants would argue, that the Board is exempt from the requirements of the
Act. If the Board holds a meeting or hearing face-to-face or by telephone conference, it must
follow the requirements mandated by the Act. If, however, the Board chooses not to meet, then
the Act is not triggered. Therefore, bound by the express language of the applicable statutes as
they exist today, we conclude that the Board does have the authority under Texas law to perform
its duties in clemency matters without meeting face-to-face as a body or by telephone conference.
Appellants' first issue is overruled. (2)

 In their second issue, appellants contend that the Board must meet as a body to vote
on clemency petitions as a matter of constitutional law. Relying on the Texas Supreme Court's
decision in Webster v. Pacific Motor Transportation Co., 166 S.W.2d 75, 76 (Tex. 1942),
appellants argue that when the legislature has committed a matter to an agency, that agency must
act on the matter at a meeting. We note that the supreme court's holding in Webster is not based
on constitutional law. Moreover, as we have stated previously, the legislature has expressly stated
in section 508.047(b) that the Board need not meet as a body to perform its duties in clemency
matters. Because the Board does not have to meet, the individual members can perform their
duties in clemency matters separately. Therefore, the supreme court's holding in Webster is
inapplicable in the instant case. The contention raised in issue two is overruled.

 The third and final issue raised by appellants challenges the Board's failure to
provide reasons for recommending or not recommending clemency. Appellants assert that the
Board's failure to provide reasons for its decisions on clemency petitions violates Article IV,
Section 11 of the Texas Constitution. Article IV, Section 11 provides that the Board shall be
required "to keep record of its actions and the reasons for its actions." Tex. Const. art. IV,
§ 11(a). It further empowers the Governor to grant clemency to a convicted offender on the
recommendation and advice of the Board. Id. § 11(b). We assume for purposes of this appeal that
the first provision applies to all actions by the Board, as appellants contend, including all
determinations on clemency recommendations.

 The action appellants asked the Board to take was to recommend clemency for
them. Appellants have been tried, convicted, and sentenced. By not recommending that the
Governor grant clemency, the Board did nothing to alter this situation, even though the Governor
cannot grant clemency without its affirmative recommendation. Appellants each bore the burden
to persuade the Board to recommend clemency. In each case, the Board voted not to recommend
clemency, and the Board kept a record of this action. In both appellants' cases, the record reflects
that a majority of the Board members were unpersuaded to take the action to recommend
clemency, their negative votes being self-evident that they were unconvinced by the information
provided them. Appellants' position seems to be that the individual Board members need and must
state affirmative reasons to be unpersuaded and to maintain the status quo. Again, we are not
asked to decide whether individual Board members should or ought to state more detailed reasons
for their votes but only to decide whether the constitution requires that the Board must give more
detailed reasons for its decision. Article IV, Section 11 does not require the Board to generate
particular records or to inform anyone in particular of the reasons for its decision. It provides
only that the Board must keep a record of its actions and must keep a record of the reasons for its
actions--that is, what it does and why. However superficial, the Board did keep a record of its
reason for not recommending clemency for appellants. After tabulating the individual Board
members' votes, the Board sent a letter to appellants' counsel, which stated the following: "After
a careful review of all available information, the Board has decided to not recommend the petition. 
This decision is based on the fact that a majority of members of the Board has voted to not
recommend the petition." Each member's vote is recorded and maintained in the Board's records. 
Therefore, with regard to clemency matters, to the extent Article IV, Section 11 of the Texas
Constitution requires the Board to keep records of its actions and the reasons for those actions, we
must conclude that the admittedly minimal records kept by the Board are nevertheless adequate
to avoid a constitutional violation. Appellants' constitutional argument in issue three is overruled. (3) 

 The judgment of the district court is affirmed. 



 

 Marilyn Aboussie, Chief Justice

Before Chief Justice Aboussie, Justices Jones and Yeakel

Affirmed

Filed: May 18, 1999

Publish
1. Victor Rodriguez is the presiding officer of the Texas Board of Pardons and Paroles. See
Tex. Gov't Code Ann. § 508.035 (West 1998).
2. Because we hold that the Board satisfied its statutory requirements, we need not address its
contention that the 1983 amendment to Article IV, Section 11 of the Texas Constitution divested
the legislature of its authority to regulate procedure before the Board.
3. Because appellants' petitions for clemency were denied, we need not address appellants'
constitutional argument regarding the Board's recommendation to grant clemency.



rform their
duties in clemency matters separately. Therefore, the supreme court's holding in Webster is
inapplicable in the instant case. The contention raised in issue two is overruled.

 The third and final issue raised by appellants challenges the Board's failure to
provide reasons for recommending or not recommending clemency. Appellants assert that the
Board's failure to provide reasons for its decisions on clemency petitions violates Article IV,
Section 11 of the Texas Constitution. Article IV, Section 11 provides that the Board shall be
required "to keep record of its actions and the reasons for its actions." Tex. Const. art. IV,
§ 11(a). It further empowers the Governor to grant clemency to a convicted offender on the
recommendation and advice of the Board. Id. § 11(b). We assume for purposes of this appeal that
the first provision applies to all actions by the Board, as appellants contend, including all
determinations on clemency recommendations.

 The action appellants asked the Board to take was to recommend clemency for
them. Appellants have been tried, convicted, and sentenced. By not recommending that the
Governor grant clemency, the Board did nothing to alter this situation, even though the Governor
cannot grant clemency without its affirmative recommendation. Appellants each bore the burden
to persuade the Board to recommend clemency. In each case, the Board voted not to recommend
clemency, and the Board kept a record of this action. In both appellants' cases, the record reflects
that a majority of the Board members were unpersuaded to take the action to recommend
clemency, their negative votes being self-evident that they were unconvinced by the information
provided them. Appellants' position seems to be that the individual Board members need and must
state affirmative reasons to be unpersuaded and to maintain the status quo. Again, we are not
asked to decide whether individual Board members should or ought to state more detailed reasons
for their votes but only to decide whether the constitution requires that the Board must give more
detailed reasons for its decision. Article IV, Section 11 does not require the Board to generate
particular records or to inform anyone in particular of the reasons for its decision. It provides
only that the Board must keep a record of its actions and must keep a record of the reasons for its
actions--that is, what it does and why. However superficial, the Board did keep a record of its
reason for not recommending clemency for appellants. After tabulating the individual Board
members' votes, the Board sent a letter to appellants' counsel, which stated the following: "After
a careful review of all available information, the Board has decided to not recommend the petition. 
This decision is based on the fact that a majority of members of the Board has voted to not
recommend the petition." Each member's vote is recorded and maintained in the Board's records. 
Therefore, with regard to clemency matters, to the extent Article IV, Section 11 of the Texas
Constitution requires the Board to keep records of its actions and the reasons for those actions, we
must conclude that the admittedly minimal records kept by the Board are nevertheless adequate
to avoid a constitutional violation. Appellants' constitutional argument in issue three is overruled. (3) 

 The judgment of the district court is affirmed.